**Opinion issued May 11, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

———————————————

### NO. 01-20-00782-CR

### NO. 01-20-00783-CR

———————————————

## IN RE THE STATE OF TEXAS EX REL. KIM OGG, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

On November 16, 2020, Relator, the State of Texas ex. rel. Kim Ogg, Harris County District Attorney, filed a petition for writ of mandamus and a petition for writ of prohibition complaining of the trial court's decision to proceed with a bench

trial without its consent.[1]  Relator seeks mandamus relief to order Respondent, the Honorable Franklin Bynum, to (1) reverse his decision to set the matter "for a court trial without the consent of the State," and (2) "timely rule on the State's objection and motion to set the cause for jury trial."  Relator seeks a writ of prohibition to prevent Respondent from proceeding to trial with the trial court acting as fact finder without Relator's consent.[2]

The Court of Criminal Appeals recently addressed this issue in *In re State ex rel. Ogg*, 618 S.W.3d 361, 365-66 (Tex. Crim. App. 2021) (orig. proceeding).  In that case, the defendant requested a bench trial, seeking to waive his right to a jury trial.  *Id.* at 362.  In anticipation of the State's refusal to consent to the waiver, the defendant argued the Texas Supreme Court's Emergency Order "gave the trial court the authority to override the State's refusal to consent to his waiver."  *Id.*  The trial court granted the defendant's motion for bench trial.  *Id.*

The State filed a petition for writ of mandamus and a petition for writ of prohibition in the Fourteenth Court of Appeals, which denied relief.  *See In re State ex rel. Ogg*, 610 S.W.3d 607, 611 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).  The State sought relief from the Court of Criminal Appeals, which

---

[1]  The underlying case is *State of Texas v. Mark Cooper Hart*, Cause No. 2245005, pending in the County Criminal Court at Law No. 8 of Harris County, Texas, the Honorable Franklin Bynum presiding.

[2]  On November 16, 2020, this Court stayed the trial setting and all other proceedings in the underlying matter pending disposition of Relator's petitions.

2

granted mandamus relief, holding the Texas Supreme Court's Emergency Order addresses only procedural matters, and not substantive rights, such as the State's right to consent to a bench trial. 618 S.W.3d at 364. The Court of Criminal Appeals held the language in the Emergency Order giving courts the power to modify or suspend "deadlines and procedures"

> does not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent or that a judge could create authority to preside over proceedings over which the judge would otherwise be barred from proceeding.

*Id.* The Court noted that if the Supreme Court had intended to do so, the Emergency Order would have stated explicitly it was intended to permit trial courts to enlarge their own jurisdiction and to conduct proceedings over which they have no authority. *Id.* at 365. Finally, the Court held

> The judge simply does not have the authority to conduct a bench trial when the State has not consented. He cannot use the Emergency Order's authorization to modify or suspend procedures to confer that authority upon himself. If he could, then he could do the same thing to a criminal defendant regarding his statutory right to a jury assessment of punishment (after being convicted by a jury at the guilt stage of trial). It seems—and is—patently absurd that a generically framed right to modify statutory deadlines and procedures would confer upon the trial court the power to abrogate a defendant's statutory right to a jury trial at punishment. It is equally absurd to think that this language would allow the trial court to do just that when the party insisting on a jury trial is the State.

*Id.* at 365–66.

In light of this recent decision from the Court of Criminal Appeals, we hold that Respondent does not have authority to conduct a bench trial in this matter without Relator's consent.

## CONCLUSION

We conditionally grant the petition for writ of mandamus, lift the stay imposed on November 16, 2020, and order the trial court to vacate its setting of the underlying case for a bench trial.[3]  The writ of mandamus will issue only in the event the trial court does not comply with our opinion.  Relator's petition for writ of prohibition is dismissed as moot.  All other pending motions are denied as moot.

## PER CURIAM

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3]     In light of our ruling, relator's request for mandamus relief to compel the trial court to rule on the State's objection and motion to set the cause for jury trial is moot.

4